# AFFIDAVIT OF MARK P. CHIOFFI

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------- x
MARTIN, LUCAS & CHIOFFI, LLP,   :
       Plaintiff   :
          :   CIVIL ACTION NO.
V.   :   3:08-CV-1388 (MRK)
          :
BANK OF AMERICA, N.A.   :
       Defendant   :   JANUARY 15, 2010
          :
----------------------------------------

## AFFIDAVIT OF MARK P. CHIOFFI

STATE OF CONNECTICUT)
                      )   ss.: Stamford; January 15, 2010
COUNTY OF FAIRFIELD  )

I, MARK P. CHIOFFI, being duly sworn, hereby depose and say:

1. I am over the age of eighteen and I understand the obligations of an oath.

2. I make this Affidavit based upon my personal knowledge and my review of all relevant documents.

3. I am a principal in the firm of Martin Chioffi, LLP ("MC"), formerly known as Martin, Lucas & Chioffi, LLP. The majority of my practice involves estate planning and administration.

4. In 1999, I joined MLC's predecessor firm and significantly expanded the estate planning practice of my new firm.

5.  As an estate planning attorney, I am aware that it is customary in the field of estate planning to store original wills and trusts off site in a bank vault for safekeeping so as to ensure that they are not lost, stolen or damaged. Original wills and trusts are stored offsite in a bank vault because these documents are frequently not needed until decades after their execution, but the originals are required for the Probate Court.

6.  When I joined the predecessor firm of Martin, Lucas & Chioffi, I greatly expanded the firm's estate planning practice and I determined that the firm required a secure facility to store its clients' wills, trusts and other original documents. Accordingly, I contacted the Greenwich, Connecticut branch of Fleet Bank, N.A. because my prior firm, Blair & Potts, had stored its clients' original documents in Fleet's Will Vault.

7.  The Greenwich Fleet branch offered the advantage of allowing law firms to store their documents in a secure will vault in file cabinets rather than in traditional safe deposit boxes.

8.  In the fall of 1999, I contacted representatives from Fleet and advised them that our firm wished to store its original wills, trusts and other estate planning documents in a safe and secure environment.

9.  The Fleet representatives assured me that in return for an annual fee, our firm could store filing cabinets labeled with our name and filled with original estate planning documents and that these documents would be kept safely and securely in Fleet's Greenwich Will Vault.

2

10. From 1999 to the present, our firm has stored up to three file cabinets comprising thirteen file drawers containing hundreds of original estate planning documents belonging to our clients in the basement will vault of Bank of America and its predecessor Fleet. Each of our file cabinets is labeled with our name.

11. When I contacted Fleet to discuss storage of our firm's clients' original documents, none of the Fleet representatives ever indicated in any way that water pipes ran through the ceiling of the room where our clients' original documents were to be stored.

12. In September of 2007, a representative of our firm visited the Bank of America Will Vault and discovered that original documents belonging to some of our clients had been severely damaged by water resulting from a flood which I later learned had occurred three months earlier.

13. I examined our clients' documents and contacted Munters, a company which specializes in restoring water damaged documents to see if our clients' original documents could be salvaged. Unfortunately, Munters was unable to salvage our clients' documents.

14. As a result of the damage to our clients' documents, our firm has incurred hundreds of hours of attorney and staff time arranging for clients to re-execute original documents. Moreover, a number of our clients expressed concern about our firm's ability to keep their original documents safe.

15. Our firm has investigated alternative storage arrangements for our clients' original documents, both at BOA and other facilities. To date, our firm has not been able to locate any bank vault offering the ability to store original documents in file cabinets, other than BOA's Greenwich branch. We have communicated with representatives of BOA concerning relocating our clients' documents to a room with no water pipes in the ceiling, but have been informed that there is no space available except hallway space which would not permit room to manipulate the cabinets. Accordingly, we have removed all of our clients' original documents from the bottom drawers of the file cabinets and wrap the remaining original documents in Tyvex. Finally, we have kept all new original documents on-site at our firm until a more acceptable arrangement can be found.

_____
Mark P. Chioffi

Subscribed and sworn to before me on this  /5  day of January, 2010.

_____
Notary Public
My Commission Expires:

**AOIFE A. COX RINALDI**
**NOTARY PUBLIC**
MY COMMISSION EXPIRES JAN. 31, 2011

5