**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARTIN, LUCAS & CHIOFFI, LLP, Plaintiff | : | |
| V. | : | CIVIL ACTION NO. 3:08-CV-1388 (MRK) |
| BANK OF AMERICA, N.A. Defendant | : | JANUARY 15, 2010 |

**PLAINTIFF'S LOCAL RULE 56a(2) STATEMENT**

The Plaintiff, Martin Chioffi, LLP, formerly known as Martin, Lucas & Chioffi, LLP, submits the following responses to Defendant's Local Rule 56(a)(1) statement:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. The Plaintiff admits that BOA is one of the nation's oldest banks, but has no basis upon which to admit or deny whether it is the country's third largest lender.

9. The Plaintiff has no basis upon which to admit or deny this allegation.

10. Plaintiff admits that it signed a safe deposit box contract with Fleet Bank on November 30, 1999 and that the contract is attached to the Defendant's Summary Judgment Motion as a portion of Exhibit C. Plaintiff denies any knowledge as to the safe deposit box rules and regulations which are attached as Exhibit C to the Summary Judgment Motion. This exhibit lacks proper foundation. The Defendant has failed to submit any testimony or affidavit establishing that these rules are or were the rules in effect at the time the safe deposit box agreement was signed or that they are the rules presently in effect.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied. As with a traditional safe deposit box, Fleet/BOA had custody of the files and could have forcibly removed the locks if necessary.

19. Admitted in part and denied in part. Except as set forth in ¶ 18 above, MC alone determined who could access the cabinets.

20. The Plaintiff has no basis upon which to admit or deny this allegation.

**ZEISLER & ZEISLER, P.C.** • *ATTORNEYS AT LAW*
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

21. Denied. Since no proper evidentiary foundation has ever been laid as to which rules were in effect at the time of the contract formation, to what extent they changed over time, and whether they were ever shown to the Plaintiff, the Plaintiff denies the allegations in paragraph 21. Deposition of Mark P. Chioffi ("Chioffi Dep" at 60-61, 63-64).

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. The Plaintiff has no basis upon which to admit or deny this allegation.

33. Plaintiff has no basis upon which to admit or deny paragraph 33.

34. Plaintiff has no basis upon which to admit or deny paragraph 34.

35. Plaintiff has no basis upon which to admit or deny paragraph 35.

36. Plaintiff has no basis upon which to admit or deny paragraph 36.

37. Plaintiff has no basis upon which to admit or deny paragraph 37.

**ZEISLER & ZEISLER, P.C.** • *ATTORNEYS AT LAW*
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

38. Plaintiff has no basis upon which to admit or deny paragraph 38.

39. Plaintiff has no basis upon which to admit or deny paragraph 39.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted in part and denied in part. Plaintiff admits that Mr. Martin agreed to the terms of the contract and acknowledged receipt of certain rules and regulations, however, there is no foundation to establish that the rules and regulations of which Mr. Martin acknowledged receipt are the rules and regulations attached to Defendant's Exhibit C. In fact, the rules and regulations attached to Defendant's Exhibit C are dated in 2000, after the contract was signed. There is nothing in the record which indicates that the rules and regulations in Exhibit C were ever shown to Mr. Martin or any other representative of the Plaintiff.

45. Admitted.

46. Admitted.

47. Denied. Since no proper foundation has been laid for the Rules being considered as admissible evidence, Plaintiff denies paragraph 47.

48. Admitted.

49. Admitted.

50. MC denies that the rules may be considered as admissible evidence, since no proper foundation has been laid for their admittance.

51. The Plaintiff has no basis upon which to admit or deny this allegation.

52. Admitted.

53. Denied. Since no proper foundation has been laid for the Rules being considered as admissible evidence, Plaintiff denies paragraph 53. No basis.

54. The Plaintiff has no basis upon which to admit or deny this allegation.

55. The Plaintiff has no basis upon which to admit or deny this allegation.

56. The Plaintiff has no basis upon which to admit or deny this allegation.

57. The Plaintiff has no basis upon which to admit or deny this allegation.

58. The Plaintiff has no basis upon which to admit or deny this allegation.

59. The Plaintiff has no basis upon which to admit or deny this allegation.

60. The Plaintiff has no basis upon which to admit or deny this allegation.

61. The Plaintiff has no basis upon which to admit or deny this allegation.

62. The Plaintiff has no basis upon which to admit or deny this allegation.

63. The Plaintiff has no basis upon which to admit or deny this allegation.

64. The Plaintiff has no basis upon which to admit or deny this allegation.

65. The Plaintiff has no basis upon which to admit or deny this allegation.

66. The Plaintiff has no basis upon which to admit or deny this allegation.

67. The Plaintiff has no basis upon which to admit or deny this allegation.

68. The Plaintiff has no basis upon which to admit or deny this allegation.

**ZEISLER & ZEISLER, P.C.** • *ATTORNEYS AT LAW*
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

69. Admitted.

70. Admitted.

71. Admitted.

72. Admitted.

73. Admitted.

74. Since Plaintiff is abandoning this cause of action, no response is necessary.

75. Admitted.

76. Denied. The Plaintiff's complaint alleges that the Defendant failed to properly secure the documents by placing the documents in a vault in which it knew there were pipes with water by failing to monitor the Will Vault and by allowing the water to damage the plaintiff's documents. Complaint ¶¶ 8-10, 29.

77. Admitted.

78. Denied. As set forth in Plaintiff's Memorandum of Law, BOA's inexplicable delay in notifying MC about the flood and the potential water damage caused MC damage. Unlike MC, Cummings & Lockwood learned of the flood within a few days. Graham Dec ¶4. With the assistance of Munters, Cummings & Lockwood was able to preserve its documents. Graham Dec at ¶¶5-6. By comparison, MC's clients' original documents were left to rot, decay, mold and mildew for three months. As a result, Munters was unable to salvage MC's documents. Chioffi Aff ¶ 13.

**ZEISLER & ZEISLER, P.C.** • *ATTORNEYS AT LAW*
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

79. Admitted.

80. Denied. Mr. Chioffi testified that had MC been informed of the flood, that it would have been able to recover many of its documents, as Cummings & Lockwood was able to do. Mr. Chioffi, while not an expert based his opinion on the experience of Cummings & Lockwood. (Chioffi Dep 8/27/09, pages 145-146, Graham Dec ¶ 5)

81. Denied. Mr. Chioffi testified that while he had no evidence that BOA knew of the impending leak, BOA took no precautions to ensure that it was notified of any leak when it occurred, such as water sensors hooked up to an alarm system. (Chioffi Dep at 116)

82. Admitted.

83. Denied. Mr. Chioffi testified that the BOA intentionally failed to notify MC of the flood, but did not testify that BOA intentionally caused water damage to the clients' property. (Chioffi Dep at 111-115.)

84. Admitted.

85. Admitted.

86. Admitted.

87. The Plaintiff has no basis upon which to admit or deny this allegation.

88. Denied. See Graham Dec ¶ 4.

89. Denied. Mr. Schmid has escorted Mr. Chioffi into the Vault before.

ZEISLER & ZEISLER, P.C. • *ATTORNEYS AT LAW*
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

90. Denied. BOA failed to notify the other law firms and failed to notify MC because BOA failed to examine its own records as to which law firms stored documents with it and failed to examine the file cabinets which were labeled.

91. Admitted.

92. Denied. The Plaintiff's file cabinets were all labeled with its name. Chioffi Aff ¶ 10.

93. Denied. The Plaintiff's file cabinets were all labeled with its name. Chioffi Aff ¶ 10.

94. Denied. The Plaintiff's file cabinets were all labeled with its name. Chioffi Aff ¶ 10.

95. Denied. The Plaintiff's file cabinets were all labeled with its name. Chioffi Aff ¶ 10.

96. The Plaintiff has no basis upon which to admit or deny this allegation.

97. Denied. The Plaintiff's file cabinets were all labeled with its name. Chioffi Aff ¶ 10.

98. Denied. The Plaintiff's file cabinets were all labeled with its name. Chioffi Aff ¶ 10.

**DISPUTED ISSUES OF MATERIAL FACT**

1. Whether the safe deposit box rules and regulations attached as Exhibit C to the Defendant's Statement of Material Facts were the applicable rules and regulations in effect at the time of the flood in June of 2007?

ZEISLER & ZEISLER, P.C. • *ATTORNEYS AT LAW*
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

2.     Whether the Defendant exercised reasonable care in safeguarding the Plaintiff's documents from water damage?

3.     Whether the Defendant as an institution was aware that Plaintiff's documents were stored in the portion of Vault 3 which was flooded?

4.     Whether the Defendant's inexplicable delay in informing the Plaintiff of the flood caused further damage to the Plaintiff's clients' original documents so as to render them beyond salvage?

## COUNTERSTATEMENT OF MATERIAL FACTS

1.     The Plaintiff, Martin Chioffi, LLP, formerly known as Martin, Lucas & Chioffi, LLP, is a Stamford, Connecticut law firm specializing in corporate transactional work, real estate, litigation and estate planning. (Deposition of Mark P. Chioffi 8/27/09 ("Chioffi Dep") at 19.)  Estate planning lawyers customarily store original wills and trusts offsite in a bank vault to ensure their safety and security from loss, theft or damages, in many instances decades after their execution.  Affidavit of Mark P. Chioffi ("Chioffi Aff"), ¶ 5.

2.     When Mr. Chioffi joined MC in 1999, he greatly expanded MC's estate planning practice.  Accordingly, Mr. Chioffi determined that MC needed a secure facility in which to store its clients' wills, trusts and other original documents.  Chioffi Aff ¶ 6.

3.     In 1999, many other law firms, including Mr. Chioffi's former firm, stored their clients' original documents in Fleet's Greenwich, Connecticut branch Will Vault. MC chose this Fleet branch to store its clients' original documents because, unlike other

ZEISLER & ZEISLER, P.C. • ATTORNEYS AT LAW
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

banks, it permitted firms to store their clients' original documents in locked file cabinets labeled with the firm name, rather than a traditional safe deposit box. (Chioffi Aff ¶ 7.)

4. In the fall of 1999, Mr. Chioffi on behalf of MC, met with Fleet and advised Fleet that MC wished to store its original wills, trusts and other estate planning documents in a safe and secure environment. Chioffi Aff ¶ 8. Fleet assured MC that in return for an annual fee, MC could store filing cabinets labeled with MC's name and filled with original estate planning documents and that these documents would be kept safely in a Will Vault located in the basement of Fleet's Greenwich branch. Chioffi Aff ¶9. From 1999 to the present, MC stored three file cabinets comprising thirteen file drawers containing hundreds of original estate planning documents belonging to MC's clients in the basement Will Vault of BOA and its predecessor Fleet. Each file drawer or cabinet was labeled with MC's name. Chioffi Aff ¶ 10.

5. On November 30, 1999, MC's predecessor firm entered into a contract with Fleet for safe deposit box 746-1. A copy of the contract (the "Contract") is attached hereto as Exhibit 1. Affidavit of Christopher Martin ¶ 3. In 2004, Fleet merged with BOA.

6. In 1999, Fleet's Greenwich branch provided secure document storage services to a number of law firms, including MC (Schmid Dep at 34-35). MC's files were stored in Vault 3 in locked cabinets with MC's name labeled on the outside of the cabinets (Schmid Dep at 23).

7. In the basement of BOA's Greenwich branch, BOA maintains a traditional safe deposit box storage facility, as well as two separate vaults where law firms and other customers maintain file cabinets storing particularly valuable records. In Vault 2, there are file cabinets belonging to attorneys and to a carpet company and a fine art company. Among the law firms storing their clients' original documents in Vault 2 are Ivey, Barnum & O'Mara, LLC, Shipman & Goodwin, LLP, Robinson & Cole, LLP and Kaye & Hennessey, LLC. In June, 2007, Vault 3 contained files from Blair & Potts, Cummings & Lockwood, LLP and MC (Schmid Dep at 10-14). Vault 3 has two rooms. The first room was originally the night drop vault for the Bank and it has been there since the Bank was built. The second room was connected to the first sometime during the 1950s. The rooms have a brick and stone foundation, with a concrete ceiling (Schmid Dep at 19-20).

8. From 1999 to 2007, MC's clients' documents were maintained in a series of file cabinets contained in the second room of Vault 3 in file cabinets labeled with the firm's name on them. (Schmid Dep 8/26/09 at 34.) By June of 2007, the second room of Vault 3 was completely filled with file cabinets from law firms, including MC (Schmid Dep at 36-37, 42).

9. In June of 2007, a water pipe leading to the bathroom of Schmid's office burst (Schmid Dep at 28). The burst pipe caused water to flood Vault 3 which was located directly below Schmid's office. (Schmid Dep at 26.) (Affidavit of Jonathan Schmid, ¶¶ 42-44). BOA discovered the flooding in Vault 3 the next morning when

Wilfredo Magan went to open the vault. (Deposition of Wilfredo Magan ("Magan Dep") 8/26/09 at 16-17.) In response to the flood, BOA moved the files which had been located in Vault 3, including MCL's cabinets and Cummings & Lockwood's cabinets and Blair & Potts' cabinets (Schmid Dep. 29-30). Both Cummings & Lockwood's and Blair & Potts' representatives observed the Bank's efforts to inspect and remediate the damage and thus were informed of the problem shortly after the flood (Schmid Dep at 30) (Declaration of Virginia L. Graham ("Graham Decl") ¶ 4; Schmid Aff ¶¶ 61-63. By comparison, BOA made no effort whatsoever to notify MC of the flood or the potential damage to its clients' original documents. Schmid Aff ¶¶ 64-67. Affidavit of Wilfredo Magan ("Magan Aff") ¶¶ 26-33.

10. Because of its early notice, Cummings & Lockwood was able, through the use of experts to monitor the condition of its clients' documents and to preserve them (Graham Decl ¶¶ 5-6) (Chioffi Dep at 144-46). As a result of the damage to the MC's clients' documents, MC has incurred hundreds of hours of attorney and staff time arranging for clients to re-execute original documents. Moreover, a number of MC's

ZEISLER & ZEISLER, P.C. • *ATTORNEYS AT LAW*
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

clients have expressed concern about MC's ability to keep their original documents safe. Chioffi Aff ¶ 14.

THE PLAINTIFF, MARTIN CHIOFFI, LLP,
FORMERLY KNOWN MARTIN, LUCAS &
CHIOFFI, LLP

By____________________________________

Jeffrey Hellman (ct04102)
ZEISLER & ZEISLER, P.C.
558 Clinton Avenue
Bridgeport, Connecticut 06605
(203) 368-4234
jhellman@zeislaw.com

13

ZEISLER & ZEISLER, P.C. • ATTORNEYS AT LAW
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

**CERTIFICATE OF SERVICE**

This is to certify that on this, the 15th day of January, 2010, the Local Rule 52(a)(2) Statement will be sent by email to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing. Parties may access the foregoing filings and this Certification of Service through the Court's system.

Scott R. Lucas slucas@lucasbagnell.com
Brian T. Stapleton bstapleton@goldbergsegalla.com
Elizabeth M. Festa efesta@sgllawgroup.com

Jeffrey Hellman (ct04102)

14

ZEISLER & ZEISLER, P.C. • *ATTORNEYS AT LAW*
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625